UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


**LEO BAXTER**                                         **CIVIL ACTION**
**HONEYCUTT, III, et al.**

**VERSUS**                                           **NO. 15-472-JWD-EWD**

**THE CITY OF BATON ROUGE, et al.**

---

## ORDER AND REASONS

Before the Court is Defendants' Joint Rule 16 Motion, filed by defendants Arcadis, U.S., Inc. ("Arcadis"), CH2M Hill, Inc. ("CH2M"), and Layne Heavy Civil, Inc. ("Layne") (collectively "Defendants").[1] Defendants seek an order from this Court prohibiting Leo Baxter Honeycutt, III, and Jackie Plunkett Honeycutt (collectively "Plaintiffs") from introducing any expert opinions at trial, or alternatively, for a modification to the Scheduling Order allowing defendants 90 days from the date Plaintiffs produce expert reports to produce Defendants' expert reports.[2] The Motion is opposed.[3] For the reasons that follow, the Motion is **GRANTED in part and DENIED in part**.

## I.  BACKGROUND

Plaintiffs filed a Petition for Damages in state court on June 11, 2015.[4] On July 16, 2015, defendant Layne removed the action to this Court.[5] On October 8, 2015, the parties submitted a Status Report containing their proposed deadlines for discovery.[6] Based upon those proposed deadlines, the Court issued a Scheduling Order requiring, among other things, Plaintiffs to disclose

---

[1] R. Doc. 43.
[2] R. Doc. 43 at 1.
[3] R. Doc. 44.
[4] R. Doc. 1-2.
[5] R. Doc. 1.
[6] R. Doc. 35.

the identities of their experts and to produce their expert reports by April 4, 2016.[7]  Defendants were required to disclose the identities of their experts and produce their expert reports by July 5, 2016 -- 90 days after the Plaintiffs' deadline.[8]  Defendants assert that as of the date of filing the instant Motion, Plaintiffs had neither disclosed any such experts nor produced any such reports.[9]

According to Defendants, counsel for the Plaintiffs emailed all defense counsel on April 4, 2016, proposing that the deadlines in the Scheduling Order be extended by 90 days.[10]  Defendants claim that there were no objections to the proposal.  On April 18, 2016, however, counsel for CH2M advised Plaintiffs' counsel that Plaintiffs needed to file a motion requesting an extension of the deadlines in the Scheduling Order, noting that the Scheduling Order specifically provided that any modifications thereto could only be made by leave of court upon a showing of good cause.[11]  CH2M's counsel further advised that CH2M's consent to a 90-day extension would be withdrawn if Plaintiffs did not prepare and circulate a proposed motion for modifying the Scheduling Order.[12]  Defendants claim that no response was received from Plaintiffs' counsel.  On April 24, 2016, counsel for Layne sent a follow-up email requesting that Plaintiffs' counsel advise defense counsel regarding the status of a proposed motion to modify the Scheduling Order.[13]  Counsel for Layne further advised that Layne would not keep its consent to an extension of deadlines open-ended.[14]  Defendants again claim that no response was received from Plaintiffs' counsel.[15]

---

[7] R. Doc. 36.
[8] *Id.*
[9] R. Doc. 43-1 at 2.
[10] R. Doc. 43-1; See R. Doc. 43-2 at 2.
[11] R. Doc. 43-2 at 1; *See* R. Doc. 36 at 2.
[12] *Id.*
[13] *Id.*
[14] *Id.*
[15] R. Doc. 43-1 at 3.

On July 1, 2016, Defendants filed the instant Motion, seeking to prohibit Plaintiffs from introducing any expert opinions at trial due to their failure to abide by the Court's Scheduling Order.[16]  Defendants assert that Plaintiffs failed to identify their experts and failed to produce any expert reports in accordance with the deadlines set forth in the Scheduling Order.  Defendants further assert that Plaintiffs have not requested that the Scheduling Order be modified, nor have they shown that good cause exists for such modification, as required by both the Federal Rules of Civil Procedure and the Scheduling Order itself.  Defendants claim that they have been prejudiced by Plaintiffs' actions because their own deadline to identify experts and provide expert reports is July 5, 2016, but Defendants are unable to determine the extent of experts needed to properly defend the case.  Without knowing the positions and opinions held by Plaintiffs and their experts, Defendants claim they would be forced to produce expert reports that cover all possible theories and opinions, which would necessarily result in Defendants incurring unnecessary and excessive defense costs.  As such, Defendants assert the Court should prohibit Plaintiffs from introducing expert opinions at trial under Rules 16(f)[17] and 37(b)(2)(A)(ii)[18] of the Federal Rules of Civil Procedure.  Alternatively, if the Court modifies the Scheduling Order and allows Plaintiffs to produce expert reports, Defendants request an additional 90 days from the date Plaintiffs produce their expert reports for Defendants to produce their own expert reports.[19]

---

[16] R. Doc. 43.

[17] Rule 16(f) provides, in pertinent part, "On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney . . . fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1)(C).

[18] Rule 37(b)(2)(A)(ii) provides, in pertinent part, "If a party . . . fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue further just orders. They may include . . . prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence." Fed. R. Civ. P. 37(b)(2)(A)(ii).

[19] R. Doc. 43-1 at 5-6.

In opposition, Plaintiffs assert that they did not intend to elicit expert testimony at trial.[20] According to Plaintiffs, in March 2016 all parties agreed to and conducted an appraisal of the property that is the subject of this action.  Plaintiffs claim that the appraiser was jointly retained by Defendants and all parties were present during the appraiser's evaluation of the property. Plaintiffs assert that in May 2016, after the April 4, 2016 deadline for Plaintiffs to file their expert reports had passed, Defendants notified Plaintiffs that they would not produce the appraisal that was created based on the March 2016 evaluation.  Without knowing the substance of the appraisal, Plaintiffs assert that they may need to engage their own appraiser and request 60 days to identify that one expert.  Plaintiffs claim that they do not intend to offer any other expert opinions in this matter.

On July 7, 2016, the Court requested additional briefing regarding the factors that a court must consider in determining whether there is good cause to allow a scheduling modification under Rule 16(b) of the Federal Rules of Civil Procedure.[21]  These factors include: (1) the explanation for the failure to complete discovery on time; (2) the importance of the amendment; (3) the potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Leza v. City of Laredo*, 496 F. App'x 375, 376 (5th Cir. 2012) (citation omitted).

On July 21, 2016, Defendants filed a Supplemental Brief asserting that the four-factor test set forth in *Leza* shows that Plaintiffs do not have good cause for modifying the Scheduling Order.[22]  Defendants contend that Plaintiffs had over a year to find experts after filing their state court Petition on June 11, 2015, but Plaintiffs failed to search for an expert or request an extension of their expert report deadlines until they filed a Memorandum in Opposition to Defendants' Joint

---

[20] R. Doc. 44.
[21] R. Doc. 45.  Rule 16 provides, "A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).
[22] R. Doc. 46.

Rule 16 Motion on July 6, 2016.  Defendants claim that Plaintiffs' only explanation for failing to disclose experts is either because they thought they could use and rely on the appraisal of Defendants' non-testifying expert or that they need additional time to identify an expert to rebut the unknown content of Defendants' non-testifying expert's appraisal.  Defendants claim they never indicated that Plaintiffs could rely on their non-testifying expert's appraisal and that Plaintiffs' expectation that they could use or rely on an adverse party's expert is unreasonable.[23]  Defendants argue that Plaintiffs knew Defendants would appraise their property no later than February 2016, but Plaintiffs do not explain why they did not retain and designate an expert to rebut Defendants' appraiser prior to their expert deadline, which did not expire until two months later.

Defendants further assert that expert testimony does not appear to be important to Plaintiffs because they represented in their Opposition memorandum that they originally did not intend to elicit expert testimony at trial.[24]  Plaintiffs also do not explain the importance of rebutting a consulting expert who will not offer testimony at trial.  With respect to the third factor, Defendants claim the primary focus should be on the diligence of the party seeking the amendment, arguing that Plaintiffs' lack of diligence in searching for experts outweighs any lack of potential prejudice to Defendants.  As to the fourth factor, Defendants assert the availability of a continuance will not cure any prejudice because the Court would be setting a precedent that Plaintiffs can fail to meet deadlines without consequence.  Defendants re-urge the Court to prohibit Plaintiffs from introducing any expert opinions at trial under Rules 16(f) and 37(b)(2)(A)(ii) of the Federal Rules of Civil Procedure or, alternatively, if the Court amends the Scheduling Order to allow Plaintiffs to disclose an expert appraiser and produce an expert report, Defendants request 90 days from the

---

[23] R. Doc. 46 at 2.
[24] R. Doc. 46 at 3; *See* R. Doc. 44.

date of any such disclosure and/or production to disclose experts and produce expert reports of their own.[25]

Plaintiffs filed an Additional Brief on Defendants' Joint Rule 16 Motion on July 21, 2016, asserting that all four *Leza* factors weigh in their favor and show that there is good cause for the Court to modify the Scheduling Order.[26]  With respect to the first factor, Plaintiffs repeat the assertions made in their Memorandum in Opposition to Defendants' Joint Rule 16 Motion[27] that they did not believe an expert would be necessary until the deadline to identify experts had passed. Under the second factor, Plaintiffs claim the value of the property is the most significant item of damages in this case and if there is a material dispute as to the value of their home, Plaintiffs must be able to present their own evidence on the issue.[28]  Plaintiffs claim Defendants will not be prejudiced if Plaintiffs are allowed to present one expert witness, a real estate appraiser, because Defendants have already hired their own expert in anticipation of Plaintiffs retaining an appraiser. Finally, Plaintiffs assert no continuation is necessary to address this issue because expert discovery is not due until December 1, 2016, which gives Defendants five months to depose Plaintiffs' expert.

## II.    APPLICABLE LAW

Rule 16(b)(4) of the Federal Rules of Civil Procedure allows for the modification of a scheduling order deadline upon a showing of good cause and with the judge's consent.  The Fifth Circuit has explained that a party is required "to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extensions." *Marathon Fin. Ins. Inc., RRG v. Ford Motor Co.*, 591 F.3d 458, 470 (5th Cir. 2009) (quoting *S&W Enters., LLC v. Southtrust Bank of*

---

[25] R. Doc. 46 at 4.
[26] R. Doc. 47.
[27] R. Doc. 44.
[28] R. Doc. 47 at 2.

*Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003)).  The Scheduling Order issued in this case likewise informed the parties that "all motions to extend scheduling order deadlines must be supported by facts sufficient to find good cause as required by Rule 16, Fed. R. Civ. P."[29]

In evaluating the good cause requirement, the Fifth Circuit has instructed courts to consider four factors when determining whether to allow a scheduling modification: (1) the explanation for failure to complete discovery on time; (2) the importance of the amendment; (3) the potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice.  *Leza v. City of Laredo*, 496 F. App'x. 375, 377 (5th Cir. 2012) (citing *Reliance Ins. Co. v. Louisiana Land & Exploration Co*., 110 F.3d 253, 257 (5th Cir. 1997)).

Notwithstanding this four-factor test, the Court still has the "inherent power to control its own docket to ensure that cases proceed before it in a timely and orderly fashion."  *United States v. Waldman*, 579 F.2d 649, 653 (1st Cir. 1978) (citing *Untied States v. Correia*, 531 F.2d 1095, 1098 (1st Cir. 1976)).  The purpose of a scheduling order is to allow the district court to control and expedite pretrial discovery matters.  *Geiserman v. MacDonald*, 893 F.2d 787, 790 (5th Cir. 1990).  Scheduling orders and their enforcement are regarded as essential in ensuring that cases proceed to trial in a just, efficient, and certain manner.  *Hernandez v. Mario's Auto Sales, Inc.*, 617 F.Supp.2d 488, 493 (S.D. Tex. 2009) (citing *Rouse v. Farmers State Bank of Jewell, Iowa*, 866 F.Supp. 1191, 1198 (N.D. Iowa 1994)).  To achieve this end, the Court is given broad discretion so that the integrity and purpose of the pretrial order may be preserved.  *See Bilbe v. Belsom*, 530 F.3d 314, 317 (5th Cir. 2008) (the district court's decision regarding whether to modify a scheduling order is afforded great deference, especially where the facts of the case suggest a lack

---

[29] R. Doc. 36 at 2.

of diligence on the part of the movant); *S&W Enters., LL*, 315 F.3d at 535; *Hodges v. United States*, 597 F.2d 1014, 1018 (5th Cir. 1979).

### III.    DISCUSSION

To determine whether there is good cause to modify the Scheduling Order in this case, the Court must conduct a balancing test using the four-factor test set forth in *Leza v. City of Laredo*, 496 F. App'x. 375, 377 (5th Cir. 2012).  The Court finds that the first factor, Plaintiffs' explanation for failing to meet the discovery deadline, weighs against finding good cause to allow modification of the Scheduling Order.  The three month gap between the agreed-upon deadline for Plaintiffs to identify experts and provide expert reports (April 4, 2016)[30] and the Plaintiffs' request for an extension of their expert deadlines on July 6, 2016 shows the Plaintiffs did not use diligence in attempting to meet the deadline.  Plaintiffs' lack of diligence is also evident from the fact that Plaintiff's counsel sought (and obtained) defense counsel's consent to a 90-day extension of the expert deadline on April 4, 2016,[31] but Plaintiffs did not file a motion requesting an extension of the deadline until they filed a Memorandum in Opposition to Defendants' Joint Rule 16 Motion on July 6, 2016.[32]

The Court also agrees with Defendants that it was unreasonable for Plaintiffs to believe that they could use and rely on the appraisal of Defendants' expert in lieu of retaining their own experts to perform an appraisal of their property.  This is especially true in light of Plaintiffs' assertion that, "The value of the property is the most significant item of damages in this matter."[33] Plaintiffs have the burden of proving their damages at trial and if the value of the property is the most significant item of damages in this case, the Plaintiffs should have retained their own experts

---

[30] R. Doc. 36 at 1.
[31] R. Doc. 43-1 at 2-3; R. Doc. 43-2 at 1-3.
[32] R. Doc. 44.
[33] R. Doc. 47 at 2.

to conduct an appraisal of the property.  Further, Defendants assert that they informed Plaintiffs in May 2016 that Defendants would not produce the appraisal produced by Defendants' appraiser because the appraiser was a consulting expert who will not offer testimony in the case.[34]  Plaintiffs did not address this issue in their supplemental memorandum, nor do Plaintiffs explain why they waited until July 6, 2016 to request modification to the Scheduling Order if they found out in May that they would not receive Defendants' appraisal report.[35]  As there does appear to have been a lack of diligence on Plaintiffs' part, the first factor weighs against finding good cause to modify the Scheduling Order.

The second factor, the importance of the modification sought, weighs in favor of finding good cause.  As noted above, Plaintiffs have the burden of establishing damages and Defendants do not dispute that the value of the property is the most significant item of damages claimed by Plaintiffs.  To the extent Plaintiffs would not be able to prove what they have characterized as the "most significant item of damages"[36] without testimony of a real estate appraiser, the modification sought is important.

The Court finds that the third factor, the potential prejudice in allowing the modification, weighs in favor of finding good cause.  The Court agrees with the Plaintiffs that Defendants will not be significant prejudiced, or that prejudice will be minimal, by a modification to the Scheduling Order.  Defendants already have an appraisal of the property that was produced by their own appraiser. Thus, it is likely that Defendants will incur minimal, if any, additional costs if Plaintiffs are given additional time in which to retain an expert and produce an expert report.

---

[34] R. Doc. 46 at 2-3.

[35] Although the parties filed their supplemental briefs on the same day, the Court notes that Defendants' supplemental brief was filed first.  (R. Docs. 46 and 47).

[36] R. Doc. 47 at 2.

The Court also finds the fourth factor, the availability of a continuance to cure such prejudice, also weighs in favor of finding good cause to modify the Scheduling Order. Allowing both sides additional time to retain an expert, produce an expert report, and conduct expert discovery will cure any potential prejudice to Defendants, particularly since we are only talking about one expert (a real estate appraiser) for each side. Further, granting the parties additional time to retain an appraiser, provide an expert report, and conduct expert discovery will not interfere with the trial date in this case which is not until August 21, 2017.[37]

After considering each of the four factors set forth in *Leza v. City of Laredo*, 496 F. App'x. 375, 377 (5th Cir. 2012), the Court finds that there is good cause to modify the Scheduling Order to allow the parties additional time to retain a real estate appraisal expert, produce expert reports, and conduct expert discovery.

## IV.    CONCLUSION

Based on the foregoing,

**IT IS ORDERED** that Defendants' Joint Rule 16 Motion[38] is **GRANTED in part and DENIED in part**. The Motion is **DENIED** to the extent it seeks to have Plaintiffs prohibited from introducing any expert opinions at trial. The Motion is **GRANTED in part** to permit modification of the Scheduling Order.

**IT IS FURTHER ORDERED** that the Scheduling Order[39] in this matter shall be modified only as follows:

> D.    Plaintiffs shall make the disclosure of persons who may be used at trial to present evidence under Rules 702, 703 or 705, Fed.R.Evid. by **August 21, 2016**. Defendants shall disclose such persons by **September 20, 2016**.

---

[37] R. Doc. 36 at 2.
[38] R. Doc. 43.
[39] R. Doc. 36.

E.      Any person who will offer expert testimony for the plaintiff who is required by Rule 26(a)(2)(B), Fed.R.Civ.P., to produce a report shall produce such report by **September 20, 2016**.  Defendants shall produce any required reports by **October 31, 2016**.

F.      Expert discovery, including depositions of expert witnesses, shall be completed by **December 30, 2016**.

A separate Amended Scheduling Order will issue.

Signed in Baton Rouge, Louisiana, on July 22, 2016.


**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**